UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DAIN C. OLSON**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | Jury Trial Demanded |
| **XPO LOGISTICS, INC., as the successor** | ) | |
| **in interest to CON-WAY INC.;** | ) | |
| **MENLO LOGISTICS, INC.; and** | ) | |
| **MARIO PEREIRA,** | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Dain C. Olson, by and through its attorneys, Riley Safer Holmes and Cancila LLP, alleges as follows:

## NATURE OF THE CLAIMS ASSERTED

1.  Plaintiff Dain C. Olson brings this civil action against Defendants XPO Logistics, Inc, as the successor in interest to Con-Way Logistics, Inc. and Menlo Logistics, Inc.; and Mario Pereira, pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301-4333 ("USERRA").

2.  USERRA prohibits employers from discriminating against an employee on the basis of that employee's service in the military and provides that a person who has performed military service "shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that . . . performance of service." 38 U.S.C. § 4311(a)).

3.  USERRA serves four primary functions for service members returning to their civilian employment:

a.      USERRA guarantees returning veterans a right of reemployment after military service (*see* 38 U.S.C. § 4312);

b.      USERRA prescribes the position to which such veterans are entitled upon their return (*see* 38 U.S.C. § 4313);

c.      USERRA prevents employers from discriminating against returning veterans on account of their military service (*see* 8 U.S.C. § 4311); and

d.      USERRA prevents employers from firing without cause any returning veterans within one year of reemployment (*see* 38 U.S.C. § 4316).

4.      Defendants willfully breached their duties owed to the Plaintiff under USERRA when Mr. Olson returned from military service and was not reemployed as required by federal law and subsequently fired without cause.

5.      The United States Department of Labor Veterans' Employment and Training Service (the "Department of Labor") investigated Mr. Olson's claims and "found that the evidence reviewed during the course of [the] investigation supports [Mr. Olson's] allegations with respect to Menlo Worldwide Logistics."

6.      Defendants willfully breached the duties owed to the Plaintiff under USERRA when they retaliated against Mr. Olson and terminated him for engaging in activity protected by USERRA, namely, contacting the Department of Labor regarding his USERRA claim.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of this action pursuant to 38 U.S.C. § 4323(b)(3).

8.      Venue is proper in this district under 38 U.S.C. § 4323(c)(2) and 28 U.S.C. § 1391(b).

9.      Plaintiff Dain C. Olson was employed by Defendant Menlo Logistics Inc. ("Menlo"), in the city of Joliet, Illinois, which is located within the jurisdiction of this Court and is an employer within the meaning of 38 U.S.C. § 4303(4)(A).

## THE PARTIES

**Plaintiff**

10.     Plaintiff, Major Dain C. Olson, (hereinafter "Plaintiff" or "Mr. Olson") is a citizen of the United States, who resided within the territorial limits of the United States District Court for the Northern District of Illinois during all relevant times to this Complaint.

11.     At all times relevant to this Complaint, Mr. Olson was a member of the United States Army Reserves and ordered to perform service in the uniformed services, as that term is defined by 38 U.S.C. §4303(13).

12.     At all times relevant to this Complaint, Mr. Olson was an employee of the Defendants, as that term is defined by 38 U.S.C. §4303(3).

**Defendants**

13.     Defendant MENLO LOGISTICS, INC., (hereinafter "Menlo Logistics") was at all times relevant to this Complaint, an employer, as that term is defined by 38 U.S.C. §4303(4).

14.     Defendant CON-WAY INC., was the parent company of Menlo Logistics until it was purchased by Defendant XPO LOGISTICS INC., (hereinafter "XPO Logistics") in September 2015.

15.     Defendant XPO LOGISTICS INC. is the successor in interest to CON-WAY INC. and Menlo Logistics.

16.     Defendant MARIO PEREIRA was at all times relevant to this Complaint, an employer, as that term is defined by 38 U.S.C. §4303(4).

## FACTUAL BACKGROUND

**Plaintiff's Military and Civilian Careers**

17.     Mr. Olson joined the United States Army in 1997 and served on Active Duty in the Republic of Korea, Colorado, and Iraq before continuing his service as an officer in the United States Army Reserves in 2006.

18.     Mr. Olson has remained in the United States Army Reserve from 2006 until the present day.

19.      As an officer in the United States Army Reserve, Mr. Olson has served as a senior executive to a general officer, the commander of over 100 servicemembers during an extended deployment to Afghanistan, a battalion operations officer, and in numerous other roles of increasing responsibility.

20.     Simultaneously, Mr. Olson has maintained civilian employment from 2006 to the present day at some of the largest and most reputable companies in the United States, including KPMG, Assurant Inc., Price Waterhouse Cooper, and Amazon.

**Plaintiff's Employment and Compensation with Defendant**

21.     In December 2012, Mr. Olson joined Menlo Logistics as a site leader in Defendants' Joliet, Illinois facility.

22.     Mr. Olson was the site leader at this facility until he returned from military service on April 25, 2014.

23.     Mr. Olson, throughout his tenure at Menlo Logistics, was meeting the legitimate expectations of his employer with respect to performance and conduct.

**Plaintiff's Military Training, Return From Military Duty, and Demotion**

24. Mr. Olson departed for active military service on March 23, 2014, and returned from his military commitment on April 25, 2014.

25. When Mr. Olson returned from military service he was informed by his supervisor, Mario Pereira, the Director of Operations at the Joliet facility, that he was no longer the site manager at his facility and would now be reporting to another Menlo Logistics employee, David Sullivan.

26. When Mr. Olson learned of his demotion, he approached Mario Pereira and explained that he felt his demotion was improper and was being done in retaliation for his recent military service.

27. Mario Pereira never provided a legitimate explanation for why Mr. Olson was no longer the site manager for his employer's facility.

28. Eventually, in late April 2014, Mr. Olson contacted the Department of Labor to initiate a USERRA claim regarding the actions of Defendants.

**Plaintiff's Termination**

29. Contacting the Department of Labor to initiate a USERRA claim regarding the actions of Defendants is protected activity under USERRA.

30. Shortly after his employer learned of the USERRA claim, Mr. Olson was terminated from his employment.

31. Mr. Olson's effective date of termination was May 30, 2014.

32. Defendants terminated Mr. Olson's employment based upon his undertaking of protected activity under USERRA.

33.     On July 28, 2014, the Department of Labor "found that the evidence reviewed during the course of [its] investigation support[ed] [Mr. Olson's] allegations with respect to Menlo Worldwide Logistics."

## CLAIM FOR RELIEF

### COUNT I.
**Demand for Relief for Discrimination and Retaliation on the Basis of Military Status and Service and Complaints of Violations of USERRA In Violation of 38 U.S.C. §§4311(a), 4313(a)(2), and 4316(c)**
**(Against all Defendants)**

34.     Plaintiff incorporates by reference paragraphs 1-33 as though fully stated herein.

35.     By virtue of the foregoing Defendants discriminated against Plaintiff by discharging him in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §4301, et. seq., and specifically 38 U.S.C. §§4311(a), 4313(a)(2), and 4316(c). 65.

36.     By virtue of the foregoing Defendants retaliated against Plaintiff by discharging him in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §4301, et. seq., and specifically 38 U.S.C. §§4311(a), 4313(a)(2), and 4316(c).

37.     As a result of these violations, Plaintiff has suffered damages of a pecuniary nature.

38.     Defendants' violations were willful, warranting the imposition of liquidated damages.

WHEREFORE, Plaintiff Dain C. Olson respectfully requests that this Honorable Court enter judgment in his favor and against all Defendants, jointly and severally, for back pay, front pay, lost benefits, and liquidated damages, and for litigation expenses, attorneys' fees and costs, and for such other and further relief this Court deems just or equitable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dain C. Olson respectfully requests that this Honorable Court

enter judgment in his favor and against all Defendants, jointly and severally, as follows:

   a.   Awarding damages for back pay, front pay, lost benefits, and liquidated damages;

   b.   Awarding all litigation expenses;

   c.   Awarding attorneys' fees and costs; and

   d.   Granting such other and further relief this Court deems just or equitable.

## JURY DEMAND

Mr. Olson demands a trial by jury.

Respectfully submitted,


/s/ Joshua Kurtzman
Edward Casmere
Joshua Kurtzman

**RILEY SAFER HOLMES & CANCILA LLP**

70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
(312) 471-8701 (fax)
ecasmere@rshc-law.com
jkurtzman@rshc-law.com

*Attorneys for Plaintiff, Dain C. Olson*